UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| IN THE MATTER OF THE TRACKING OF A GRAY 2020 DODGE RAM 1500, LICENSE PLATE NUMBER ME 2151 ZR, VIN 1C6SRFFT3LN111479 | No. 2:24-mj-82-KFW <br><br> **UNDER SEAL** |

## AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT

I, Brian Shimko, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the Drug Enforcement Administration (DEA), United States Department of Justice, with federal law enforcement jurisdiction, and have been in this position since January 2023. Prior to attaining sworn status as a Special Agent, I was employed by DEA and received specialized training in narcotics trafficking investigations and related legal matters at the DEA Training Academy in Quantico, Virginia. Before joining DEA, I was employed by the Ridgefield Police Department in Ridgefield, Connecticut from September 2013 to January 2023. During my employment with the Ridgefield Police Department, I was a certified Police Officer in the State of Connecticut. I have received law enforcement training through the Police Standards and Training Counsel.

2. In the course of my employment with DEA, I have received approximately 16 weeks of training at the DEA Academy in Quantico, Virginia about techniques used by major narcotics traffickers. I have specialized training involving the use, possession, packaging, manufacturing, sales, concealment, and transportation of various controlled substances, money laundering techniques, and conspiracy investigations.

3. During my employment with DEA, I have participated in narcotics

investigations both as a case agent and in a supportive role. I have participated in the arrests of multiple drug traffickers and in interviewing informants and suspects concerning the methods and means of drug traffickers. I have also participated in countless static and mobile surveillance activities and assisted in the execution of multiple search warrants and arrest warrants. I have conducted investigations regarding these unlawful activities, violations of Sections 841(a)(1), 843(b), 846, 952(a), and 963 of Title 21 of the United States Code, and Sections 2, 1952, 1956, and 1957 of Title 18 of the United States Code. As a DEA agent, I primarily investigate large-scale narcotics traffickers and money laundering organizations.

4. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 3117 to authorize the installation and monitoring of a tracking device on a gray 2020 Dodge Ram 1500 bearing Maine license plate number 2151 ZR and vehicle identification number 1C6SRFFT3LN111479, registered jointly to Leroy White and Adam White (the "SUBJECT VEHICLE"). The SUBJECT VEHICLE is more fully identified in Attachment A. Based on the facts set forth in this affidavit, I believe that SUBJECT VEHICLE is presently being used in furtherance of distribution of controlled substances, in violation of Title 21, U.S.C. §§ 846, 843 and 841(a)(1) and that there is probable cause to believe that the installation of a tracking device on SUBJECT VEHICLE and use of the tracking device will lead to evidence, fruits, and instrumentalities of the aforementioned crimes as well as to the identification of individuals who are engaged in the commission of those and related crimes.

5. The facts in this affidavit come from my personal observations, my training and experience, information provided by other members of federal, state, and

local law enforcement, information obtained from confidential sources and witnesses, written reports, the results of physical and electronic surveillance, and independent investigation and analysis performed by me and by other law enforcement personnel. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all my knowledge about this matter.

### PROBABLE CAUSE

6. I hereby adopt and incorporate by reference the affidavit of Postal Inspector Emily Spera filed in support of a search warrant for a parcel sent from Detroit, Michigan to "Sam Goldberg" at 52 Shiloh Road in Durham, Maine, attached hereto as Exhibit 1. The search warrant was issued by the Court on about March 13, 2024, and the package ("Parcel #1" as defined in Exhibit 1) was opened by investigators. I know from my participation in this investigation that when the warrant was executed later that same day, Parcel #1 was found to contain approximately one kilogram of cocaine, which subsequently field-tested positive for the presence of cocaine.

7. I know from my participation in this investigation that the following day, on about March 14, 2024, at approximately 11:00 a.m., Postal Inspectors and DEA agents conducted a controlled delivery of Package #1. Prior to the controlled delivery, investigators seized the suspected cocaine, and replaced it with inert material that mimicked the appearance of cocaine ("Sham"). Investigators delivered Package #1, consistent with the addressee information, to 52 Shiloh Road in Durham, Maine. Postal Inspectors placed Package #1 on the front steps of the residence as DEA agents conducted surveillance.

8. At approximately 4:02 p.m., I observed a grey Ram, later determined to be the SUBJECT VEHICLE (as defined above and in Exhibit 1), turn right on Shiloh Road

from the southbound lane of Pinkham Brook Road. Shortly thereafter I observed the SUBJECT VEHICLE turn left into the driveway of 52 Shiloh Road. At approximately 4:03 p.m., I observed a red Volkswagen Jetta turn left into 52 Shiloh Road. DEA agents then observed the operator of the red Volkswagen Jetta and the operator of the SUBJECT VEHICLE, later determined to be Target Subject ADAM WHITE, meet in the driveway of 52 Shiloh Road and converse for a short period with two other individuals who were observed to be occupants of 52 Shiloh Road.

9. At approximately 4:08 p.m., DEA agents observed the operator of the red Volkswagen Jetta pick up Package #1 and place it in the trunk of his vehicle. At approximately 4:36 p.m., DEA agents observed the operator of the red Volkswagen Jetta move Package #1 from the trunk of his vehicle to the open bed of the SUBJECT VEHICLE. The operator of the red Volkswagen Jetta then got into the front passenger seat of the SUBJECT VEHICLE and departed 52 Shiloh Road. DEA agents observed the SUBJECT VEHICLE turn right onto Shiloh Road and then north on Pinkham Brook Road. DEA agents surveilled the SUBJECT VEHICLE as it traveled to 2 Union Park Road in Topsham. At approximately 5:00 p.m., DEA agents continued to surveille the SUBJECT VEHICLE as it traveled to the Mobil gas station located at 85 Lewiston Road in Topsham. While the SUBJECT VEHICLE was present at the gas station, DEA agents were able to positively identify the SUBJECT VEHICLE operator as WHITE. DEA agents then surveilled WHITE drive the SUBJECT VEHICLE back to 52 Shiloh Road in Durham, where WHITE had originally taken possession of Package #1.

10. At approximately 5:30 p.m., DEA agents observed the SUBJECT VEHICLE and a Blue Toyota Highlander bearing Maine registration 8906XE, turn right out of the driveway of 52 Shiloh Road in tandem. DEA agents surveilled the SUBJECT VEHICLE

and the blue Toyota Highlander as they traveled to the area of exit 17 of I-295 South where surveillance was terminated.

11.     In the event the Court grants this application, there will be periodic monitoring of the tracking device during both daytime and nighttime hours for a period not to exceed 45 days following issuance of the warrant. The tracking device may produce signals from inside private garages or other such locations not open to the public or visual surveillance.

## AUTHORIZATION REQUEST

12.     Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 3117, that authorizes members of the Drug Enforcement Administration or their authorized representatives, including but not limited to other law enforcement agents and technicians assisting in the above-described investigation, to install a tracking device on the SUBJECT VEHICLE within the District of Maine within 10 days of the issuance of the proposed warrant, to maintain, repair, and/or replace the tracking device as necessary, and to remove the tracking device from the SUBJECT VEHICLE after the use of the tracking device has ended; and to monitor the tracking device for a period of 45 days following the issuance of the warrant, including when the tracking device is inside private garages and other locations not open to the public or visual surveillance, both within and outside the District of Maine.

24.     In accordance with 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), I further request that the court delay notification of the execution of the warrant for 30 days after the end of the authorized period of tracking (including any extensions thereof) because there is reasonable cause to believe that providing

immediate notification may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice would seriously jeopardize the ongoing investigation by prematurely revealing its existence and giving suspects an opportunity to flee from prosecution, destroy or tamper with evidence, intimidate potential witnesses, notify confederates, and change patterns of behavior.

Respectfully submitted,

Brian Shimko, Special Agent
U.S. Drug Enforcement Administration

Sworn to telephonically and signed electronically in accordance with the requirements of Rule 4.1 of the Federal Rules of Criminal Procedures

Date: Mar 18 2024

_____
Judge's signature

City and state: Portland, Maine

Karen Frink Wolf, U.S. Magistrate Judge
Printed name and title

6